IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| Charisse Matthews, | Case No.: 13:18cv00492 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| EquityExperts.Org, LLC, a Michigan company, and Michael Novak, | **JURY TRIAL DEM AND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, CHARISSE MATTHEWS, BY AND THROUGH COUNSEL, Robert K. Miller, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Chesterfield, Chesterfield County, Virginia.

3. Venue is proper in the Eastern District of Virginia, Richmond Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Chesterfield, Chesterfield County, Virginia.

5. EquityExperts.Org, LLC, ("EE") which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

6. Michael Novak ("Novak") upon information and belief, owns, manages and/or controls co-Defendant EquityExperts.Org Midwest, LLC and controls the day to day operations of co-Defendant EE. He creates, implement and directs the collection policies and procedures for EE. He has been instrumental in collecting or attempting to collect illegal charges from the Plaintiff along with EE.

## GENERAL ALLEGATIONS

7. At all times relevant to this complaint, Plaintiff owned and resided in condominium that was part of a home owners association called the Beechtree Homeowners Association ("HOA"). As part of his obligation to the HOA, Plaintiff was required to pay the sum of $165 per month.

8. Plaintiff was late in paying her debt to the HOA by several months. Indeed, as of April 1, 2018, Plaintiff owed the HOA the sum of $1,030 ("the Debt").

9. The HOA eventually turned the collection of the Plaintiff's balance over to Defendant EE.

10. EE's business model, as developed by Novak, is to either purchase unpaid HOA dues from HOAs or to act as their collection agents. Because the debts collected by the Defendants are incurred primarily by consumers for personal, family and/or household use, the Defendants are governed by the Fair Debt Collection Practices Act. In this case, the Debt that Defendants have been attempting to collect, was incurred for personal, family and/or household use and thus, the Defendants' collection efforts are governed by the FDCPA.

11. Moreover, the Defendants' business model is such that they charges no costs or fees to the HOAs on behalf of which they attempt to collect debts. Defendants merely provides a schedule of fees to a HOA board of directors and inform them that they will merely seek these costs from the delinquent homeowners only. Typically, a HOA board of directors signs a contract reciting these terms with Defendant EE without ever amending its by-laws or passing resolutions allowing Defendants to unilaterally charge their Bogus Charges to the homeowner. Moreover, EE has over the past several years and to this day, advertised on its website, that it does not charge fees and costs to home owners associations.

12. Upon information and belief, the HOA's by-laws allow it to charge back costs of collecting a delinquent home owner's account, including reasonable attorneys' fees, to a homeowner's account.  However, none of the fees charged by the Defendants to Plaintiff or any other consumer are ever charged back to the respective HOA.  Hence, no HOA incurs any costs of collection when it turns its delinquent home owners accounts over to EE for collection.  Without a basis in contract or law, any and all of the charges that Defendants seek to collect from a delinquent homeowner, violate the Fair Debt Collection Practices Act, as more particularly identified below, as they are charges that are not expressly authorized by the agreement creating the debt (via the HOA's by-laws) nor permitted by law.  ("Bogus Charges").

13. In connection with their attempts to collect the Debt from Plaintiff, the Defendants have also attempted to collect a raft of Bogus Charges from the Plaintiff.

14. Defendants charged Plaintiff a Bogus Charge of $650.00 as a late fee.  This was not a fee that was ever assessed by the HOA nor was there any basis in law to assess this charge from the Plaintiff.

15. In January 2017, Plaintiff setup a payment plan with Defendant to pay her then outstanding balance of $6,719. She agreed to pay approximately $1,000.00 per month. Defendants charged a $100.00 monthly fee for the payment plan,

4

unbeknownst to Plaintiff.  Each of these monthly fees was a Bogus Charge for which the Defendants had no legal basis to assess from the Plaintiff.  Plaintiff never agreed to pay such $100 monthly fee and ever had any obligation to them.

16. In September 2017, Plaintiff paid Defendants the sum of $5,800.00 to pay her account in full. The HOA's books and records reflected that Plaintiff only owed it the sum of $4,712.95.  Hence, this payment included not only the HOA dues that Plaintiff owed, but also included Bogus Charges that Defendants unilaterally assessed and retained for their own benefit.  This payment made by Plaintiff included $1,100 in Bogus Charges.

17. On or about January 29, 2018, Plaintiff fell behind on HOA dues again and her account was sent to Defendants for collection. At that time, Plaintiff owed $535.00 ("2nd Debt").

18. On or about April 2, 2018, Plaintiff received two communications from EE attempting to collect the 2nd Debt. In the first document entitled "Memorandum of Lien for Association Assessments", Defendant stated that Plaintiff owes $1,770.00 for the 2nd Debt. This balance was comprised of the 2nd Debt along with the following Bogus Charges:

   a. First Notice Fee    $10.
   b. Final Notice Fee $10
   c. Referral Fee $30

5

    d. Collection Costs $665

    e. Attorney's Fee  $75

19. None of the above referenced fees were ever assessed to the Plaintiff by her HOA.  Moreover, there was never any proof that any attorney was ever hired or retained by the HOA to collect the 2nd Debt.  If there had been such an attorney involved in connection with the collection of this consumer debt, such attorney would have been required to send a notice as required by 15 U.S.C. 1692(g). Plaintiff never received any such notice by any attorney.

20. By threatening to file a lien for the 2nd Debt plus the Bogus Charges, Defendants violated the FDCPA at 15 USC 1692e by falsely representing the status of the debt and by threatening to take action that it did not have the legal right to take.  The Defendants never had the right to place a lien on the Plaintiff's property for Bogus Charges.

21. The second communication received by Plaintiff from the Defendants on April 2, 2018, is a letter in which the Defendant attempted to collect another Bogus Charge of $395 as a late fee.  The Defendants lied to the Plaintiff in that letter by stating that this charge is being assessed to the HOA, which in turn will assess it to the Plaintiff.  This is factually incorrect since the Defendants' business model is to charge no fees to its HOA clients but simply seek them

from consumers, such as Plaintiff.  In this regard, Defendants have violated the FDCPA at 15 USC 1692e by falsely representing the status of the debt.

22. On or about April 16, 2018, Plaintiff received another collection letter from Defendant stating that she now owed $2,152.00 for the 2nd Debt.   Plaintiff subsequently received a breakdown of this balance which showed that this amount includes the following Bogus Charges:

   a.   $270 for a Dunning Letter fee

   b.   $395 for a lien fee

   c.   $75 for a Lien Fee – Tom Hodges

   d.   $22 unidentified fee

   e.   Escalated Outreach Service $350

   f.   EDO 2         $100

23. All of the above fees are Bogus Charges as the Plaintiff never agreed to these fees either by contract or any by-laws of the HOA and there was never any legal duty for the Plaintiff to pay these.

24. Moreover, Defendants again wrongfully misrepresent to the Plaintiff that any of these amounts would  be assessed to the HOA.

25. In total, the Defendant Equity Experts has attempted to collect $1,190.00 in fees for failing to pay a $535.00 HOA debt.

26. On or about April 30, 2018, Plaintiff received an Account History Report from the Association showing that Plaintiff owes a current balance of $1,030.00.

27. This amount is almost $1,200.00 less than the amount Defendant alleges the Plaintiff owes.

28. In May 2018, Plaintiff called Defendant to settle the 2nd Debt. A representative said its too late to settle and if she doesn't pay the balance in full, she will incur a weekly $100.00 fee.

29. All of these fees and costs were assessed to the Plaintiff by the Defendant in the course of attempting to collect a consumer type debt from the Plaintiff. The Defendant's attempt to collect each of these fees violates the Fair Debt Collection Practices Act as the Plaintiff never agreed to any of these assessments and there was never any duty by the Plaintiff to pay any of these.

30. Plaintiff suffered statutory, pecuniary and emotional damages as a result of Defendant's actions. Defendant has unjustly charged Plaintiff illegal fees, none of which have any statutory or contractual basis as required under the Fair Debt Collection Practices Act.

# VIOLATION OF

# THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff reincorporates the preceding allegations by reference.

32. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

34. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees and charging for services that were not performed when charged;

   b. 15 U.S.C. § 1692e by falsely representing the character, amount or legal status of any debt. Defendant falsely represented the amount of the

9

alleged Debt and collected Bogus Charges for which the Plaintiff was never liable for under contract or statute; and

    c. 15 U.S.C. § 1692f by collecting any amount not permitted by law. Defendant violated this provision by falsely representing the amount of the alleged Debt and charging Bogus Charges for services that were not performed when charged for the alleged Debt.

36. As a direct and proximate cause of the Defendants' actions, the Plaintiff has continued to suffer from emotional distress. Defendants have willfully charged Plaintiff illegal charges and fees.

37. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendants:

    a. Actual damages;

    b. Statutory damages;

    c. Statutory costs and attorneys' fees; and

    d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 28, 2018

                                                                  By: */s/ Robert K. Miller*
                                                                     Robert K. Miller, Esq.
                                                                     VA Bar # 89413
                                                                     10615 Judicial Drive, Ste. 102
                                                                     Fairfax, VA 22030
                                                                     Telephone: (571) 399-5128
                                                                     Facsimile: (888) 618-8954
                                                                     rmiller@lawfirmvirginia.com
                                                                     Attorney for Plaintiff,
                                                                     Charisse Matthew